IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-60198
Summary Calendar

JUAN DE DIOS CARMONA-CASTILLO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 284 061

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan De Dios Carmona Castillo (Carmona-Castillo), a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) order that he be removed from the United States. Carmona-Castillo argues that his third-degree felony conviction under TEX. PENAL CODE § 22.04 for causing injury to a child does not constitute aggravated felony that rendered him eligible for removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Immigration and Nationality Act lists as an "aggravated felony" a "crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." Relevant to Carmona-Castillo's petition for review, a crime of violence for purposes of 18 U.S.C. § 16 is a felony that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The statute under which Carmona-Castillo was convicted – TEX. PENAL CODE § 22.04 – criminalizes acts or omissions that intentionally, knowingly, recklessly, or negligently result in an injury to a child, and specifically prescribes at least two ways in which the offense of injury to a child can be committed: a violation of the statute can committed by an individual who causes an injury to a child (1) by act or (2) by omission. See Perez-Munoz v. Keisler, 507 F.3d 357, 362 (5th Cir. 2007); § 22.04(a). Because the statute at issue is divisible in that it defines multiple offenses, at least one of which constitutes an aggravated felony, we may consider the charging documents, stipulated facts, or some other formal finding of the relevant facts of conviction to determine if the Carmona-Castillo's particular crime meets the aggravated felony criteria. See Perez-Munoz, 507 F.3d at 362; Larin-Ulloa v. Gonzalez, 462 F.3d 456, 464 (5th Cir. 2006).

In the instant case, the administrative record contains a copy of the charging document and a certified copy of a record of conviction. The adjudicative documents definitively establish that Carmona-Castillo pleaded guilty in answer to an indictment charging that he caused bodily injury to a child through an intentional and knowing act – by hitting her. This court previously has held that an offense under § 22.04, when committed by a knowing and intentional act, constitutes a crime of violence under § 16(b). See Perez-Munoz, 507 F.3d at 364. Accordingly, Carmona-Castillo's offense of conviction

qualifies as an aggravated felony that constitutes a legitimate basis for his removal. See id.

Carmona-Castillo concedes that this court determined in Perez-Munoz that § 22.04 is a divisible statute that is subject to analysis under the modified categorical approach, and that an intentional violation of § 22.04 constitutes a crime of violence under § 16(b). He nonetheless asserts that Perez-Munoz was wrongly decided and argues that we should not adhere to that decision's flawed reasoning. However, a panel of this court cannot overrule a prior panel's decision in the absence of intervening contrary or superseding authority by this court sitting en banc or by the United States Supreme Court. United States v. Lipscomb, 299 F.3d 303, 313 n.34 (5th Cir. 2002). Carmona-Castillo identifies no such contrary or superseding decisions. Thus, even if Carmona-Castillo is correct that Perez-Munoz was erroneously decided, we must defer to Perez-Munoz's resolution of the specific issues that Carmona-Castillo raises in his appeal.

Carmona-Castillo's conviction for injury to a child under § 22.04 therefore is punishable under § 16(b) as a crime of violence. Accordingly, Carmona-Castillo committed an "aggravated felony" that rendered him removable under § 1227(a)(2)(A)(iii). Because Carmona-Castillo's conviction qualifies as an "aggravated felony" and he has failed to raise any other constitutional claim or questions of law in his petition for review, we deny his petition.

PETITION FOR REVIEW DENIED.