# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-10277
Consolidated with
No. 08-10279
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BILLY WAYNE FARRIS

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-313-ALL
USDC No. 3:07-CR-327-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy Wayne Farris appeals his guilty plea convictions of bank robbery, in violation of 18 U.S.C. § 2113(a). Farris argues that the district court plainly erred when it applied the career offender enhancement because his prior Arkansas aggravated robbery conviction did not qualify as a crime of violence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentence is unreasonable because the district court relied exclusively upon Farris' arrest record when sentencing Farris to 188 months of imprisonment, which was within the Guidelines range, and the district court plainly erred by ordering that Farris' sentence run consecutive to state sentences that were not yet imposed.

Although the district court relied solely upon the presentence report and thus did not rely upon the proper documentation when determining that Farris' prior offense was a crime of violence, *see United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005), the Government has supplemented the record with the charging document and the judgment of conviction.  Farris' argument that this court does not have authority to supplement the record is without merit.  *See, e.g., United States v. Fernandez-Cusco*, 447 F.3d 382, 386-87 (5th Cir. 2006). Farris' conviction under the Arkansas aggravated robbery statute, A.C.A. § 5-12-103, qualifies as a crime of violence because the Arkansas aggravated robbery statute, like the Arkansas robbery statute, corresponds to the generic, contemporary meaning of robbery as it involves misappropriation of property under circumstances involving danger to another person.  *See United States v. Santiesteban*, 469 F.3d 376, 378-82 & n.5 (5th Cir. 2006); *United States v. Tellez-Martinez,* 517 F.3d 813, 814-15 (5th Cir.), *cert. denied*, 129 S. Ct. 170 (2008). The district court therefore did not err when it applied the career offender enhancement.  *See* U.S.S.G. § 4B1.1(a), § 4B1.2 cmt. n.1 (2007).

Also, Farris' assertion that the district court "exclusively" relied upon his prior arrest record to determine his sentence mischaracterizes the record. Regardless whether an arrest record is an irrelevant or improper factor to consider when determining where within a properly calculated guidelines range a sentence should fall, in this case the district court provided extensive reasons explaining its sentencing decision.  Our reading of the record indicates that, although the district court mentioned Farris' arrest record, the district court did

not exclusively rely upon the arrest record and did not give significant weight to the arrest record. Farris has not shown that the district court abused its discretion by imposing a sentence within the advisory guidelines range. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Nikonova*, 480 F.3d 371, 376 (5th Cir.), *cert. denied*, 128 S. Ct. 163 (2007). Finally, as Farris concedes, his argument that the district court plainly erred by ordering that his sentence run consecutive to state sentences that were not yet imposed is foreclosed by *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006).

AFFIRMED.