# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1880

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Christopher Adrian Jones, | * | |
| | * | **UNPUBLISHED** |
| Defendant - Appellant. | * | |

_____

Submitted: April 13, 2010
Filed: July19, 2010

_____

Before LOKEN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Christopher Jones pleaded guilty to conspiracy to interrupt interstate commerce by robbery and brandishing a firearm during a crime of violence. See 18 U.S.C. §§ 1951, 924(c)(1)(A)(ii). We reversed his mandatory life sentence under 18 U.S.C. § 3559(c) and remanded for resentencing because one prior robbery conviction did not involve use or threatened use of a dangerous weapon or result in serious bodily injury and thus was a nonqualifying felony under § 3559(c)(3)(A). United States v. Jones, 256 F. App'x 850 (8th Cir. 2007) (unpublished). On remand, Jones argued he should not be resentenced as a career offender under U.S.S.G. § 4B1.1 because this robbery conviction was not a crime of violence under U.S.S.G. § 4B1.2.

Although Jones stipulated he was a career offender in the plea agreement, the district court[1] took up this issue on the merits and concluded that Jones is a career offender. Jones objected to the career offender ruling, which resulted in an advisory guidelines range of 262-327 months in prison, and, alternatively, urged the court to sentence him at the bottom of that range. The government urged a sentence at the top of the range. The court sentenced Jones to 300 months in prison. He appeals.

On appeal, Jones argues that the district court erred in sentencing him as a career offender because this 1994 robbery conviction was not a crime of violence under U.S.S.G. § 4B1.2. We disagree. The district court correctly ruled that robbery is specifically included in the crimes of violence listed in U.S.S.G. § 4B1.2, comment. (n.1), and that a robbery specifically enumerated in § 4B1.2 is a crime of violence for career offender purposes even if it is not a qualifying serious violent felony under § 3559(c)(3)(A). See United States v. Dobbs, 449 F.3d 904, 913 (8th Cir. 2006), cert. denied, 549 U.S. 1139 & 1233 (2007). The court also correctly ruled that Jones's two 1994 robbery convictions were separate crimes of violence because they were separated by an intervening arrest. See U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(2), 4B1.2(c), App. C Amendment 709; United States v. McKay, 431 F.3d 1085, 1095 (8th Cir. 2005), cert. denied, 547 U.S. 1174 (2006).

Accordingly, the judgment of the district court is affirmed.

_____

[1]The HONORABLE JAMES M. MOODY, United States District Judge for the Eastern District of Arkansas.