# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 15-41688

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAUL MARTINEZ-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-673-1

_____

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2017

Lyle W. Cayce
Clerk

Before JONES and OWEN, Circuit Judges, and ENGELHARDT, District Judge.[*]

KURT D. ENGELHARDT, District Judge:[**]

Martinez-Rodriguez appeals his sentence, contending that the district court erred by treating his prior conviction for the offense of causing injury to a child, under Texas Penal Code § 22.04(a)(3), as an aggravated felony on

---

[*] District Judge of the Eastern District of Louisiana sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account of it being a crime of violence. Martinez-Rodriguez argues that § 22.04(a), which can be violated by act or omission, is neither categorically a crime of violence nor a divisible statute. Therefore, he posits, the modified categorical approach should not have been used at sentencing to narrow his prior conviction under the Texas state statute.

## I.    FACTUAL AND PROCEDURAL HISTORY

On August 12, 2015, Martinez-Rodriguez was charged with knowingly being present in the United States after deportation, without having obtained consent to re-enter the country from the Attorney General or from the Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a) and (b). Martinez-Rodriguez ultimately entered a guilty plea, without a plea agreement, and, on December 15, 2015, was sentenced to 30 months imprisonment.

In the presentence report (PSR) prepared by the United States Probation Office in anticipation of sentencing, the probation officer recommended that Martinez-Rodriguez receive an enhancement under § 2L1.2(b)(1)(C) (2014), which calls for an eight-point increase in offense level "[i]f the defendant was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony. . . ." As noted, the probation officer made this recommendation based Martinez-Rodriguez's 2008 conviction for causing injury to a child under Texas Penal Code § 22.04(a)(3) – an offense characterized in the PSR as a crime of violence and thus an aggravated felony. ROA.98-100 (PSR ¶¶ 12, 22). Attached to the PSR were the judgment of a state district court in Travis County, Texas, sentencing Mr. Martinez-Rodriquez to three years of prison for the prior conviction, ROA.107-109, as well as plea-related documents, ROA.110-113, and the indictment. ROA.114. The indictment charged that Martinez-Rodriquez did "intentionally and knowingly

cause bodily injury to [a named victim], a child 14 years of age or younger, by grabbing [the named victim] by the arm and throwing her to the floor." ROA.114.

At sentencing, the district court overruled Martinez-Rodriguez's written objection to the treatment of his prior conviction as an aggravated felony. As a result of that treatment, the court ultimately fashioned a sentence within a guideline range that reflected an enhancement under USSG § 2L1.2(b)(1)(C) and convicted and sentenced him under 8 U.S.C. § 1326(b)(2), on that same basis. Martinez-Rodriguez now appeals, placing before us the issue of whether Texas Penal Code § 22.04(a) is a divisible statute – a question previously answered in the affirmative by this Court in *Perez-Munoz v. Keisler*, 507 F.3d 357 (5th Cir. 2007).

## II.    DISCUSSION

The 2014 version of § 2L1.2(b)(1)(C) at issue herein, *see* ROA.98 (PSR ¶ 10), provides that a defendant's offense level shall be increased by eight levels if the defendant was deported after an aggravated felony conviction, *see* § 2L1.2(b)(1)(C) (2014).   Section 1326(b)(2) permits, inter alia, a maximum sentence of 20 years when an alien has been previously removed after an aggravated felony conviction.  *See* 8 U.S.C. § 1326(b)(2).  For purposes of both § 2L1.2 and § 1326(b)(2), the term "aggravated felony" has the meaning set forth in 8 U.S.C. § 1101(a)(43).  *See* § 2L1.2, comment. (n.3(A)) (2014); *United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016).  Whether an offense qualifies as an aggravated felony is purely a legal question, reviewed by this Court *de novo*, *Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008), as are interpretations of the Guidelines themselves. *United States v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008).

No. 15-41688

Under § 1101(a)(43), the term "aggravated felony" is defined, in pertinent part, as the crime-of-violence offense set forth in 18 U.S.C. § 16 for which a prison term of at least one year has been imposed. 8 U.S.C. § 1101(a)(43)(F). Section 16 defines a "crime of violence" as either "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §16(a), (b).

To determine whether a prior conviction constitutes a generic offense, such as a crime of violence and thus an aggravated felony, this court generally employs the categorical approach – the focus of which is on the elements of the offenses, not the underlying facts of the prior conviction. *See United States v. Hinkle*, 832 F.3d 569, 572 (5th Cir. 2016); *see also Franco-Casasola v. Holder*, 773 F.3d 33, 36 (5th Cir. 2014) (discussing "how to determine whether a prior offense qualifies as an aggravated felony," beginning with the categorical approach). So long as the relevant statutes state a single, or indivisible, set of elements, application of the categorical approach is a rote exercise. *See Mathis*, 136 S. Ct. at 2248. Courts simply line up the elements of the two offenses to determine whether they match. *Id.* If the elements of the prior offense are the same or narrower than those of the generic offense, then it qualifies for whatever consequences under federal law attach to the generic offense. *Id.* However, if its elements are broader, then the prior offense is not treated as an equivalent to the generic offense. *Id.*; *see also Gomez-Perez v. Lynch*, 829 F.3d 323, 326-27 (5th Cir. 2016) (applying the categorical approach in a case involving the Immigration and Nationality Act).

4

No. 15-41688

If a statute sets forth elements in an alternative or disjunctive structure, it is considered divisible, and a second approach is available to the courts. *See Descamps v. United States*, 133 S. Ct. 2276, 2283-84 (2013). Known as the modified categorical approach, this approach allows a court to pare down a prior conviction under a divisible statute by consulting certain materials such as, in the case of a plea bargain, "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *See Shephard v. United States*, 544 U.S. 13, 16 (2005). Thus, unlike the categorical approach which concerns elements only, underlying facts are relevant to the modified categorical approach.

In *Mathis v. United States*, the Supreme Court provided guidance on when a statute is divisible and, thus, when the modified categorical approach is available. 136 S. Ct. 2243, 2248-54 (2016). It clarified that the approach is to be applied only to statutes that list alternative elements and not to statutes that list alternative means of satisfying elements. *Id.* The distinction between the elements and means is critical to the divisibility of a statute. *See id.* at 2256 ("The task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means."). "The test to distinguish means from elements is whether a jury must agree." *United States v. Howell*, 838 F.3d 489, 497 (5th Cir. 2016). "Elements must be agreed upon by a jury. When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense not an element of the offense." *Hinkle*, 832 F.3d at 575. Ultimately, "the court has no call to decide which of . . . alternative[ ] [means] was at issue in [an] earlier prosecution." *Mathis*, 136 S. Ct. at 2256.

According to *Mathis*, a determination of means versus elements is often easy to make, as federal courts are to follow definitive state court decisions on the issue. *Id.* at 2256 ("When a ruling of that kind exists, a sentencing judge need only follow what it says."). In prior opinions, this Court has recognized that "[t]he *Mathis* decision is controlling regarding the methodology of the modified categorical approach, and we must apply its holdings, even when they are contrary to prior precedent of this court." *See Hinkle*, 832 F.3d at 574 (applying methodology addressed in *Mathis* to a Guidelines issue); *see also Gomez-Perez v. Lynch*, 829 F.3d 323, 328 n. 5 (5th Cir. 2016) (recognizing that *Mathis* overruled certain prior cases insofar as they found a particular "statute to be divisible and subject to the modified categorical approach").

As noted by the parties in this case, the Fifth Circuit has previously held that causing injury to a child under Texas Penal Code § 22.04(a) is not categorically a crime of violence for purposes of the aggravated felony enhancement of § 2L1.2, because such offenses may be committed by both acts and omissions. *See United States v. Gracia-Cantu*, 302 F.3d 308, 310, 312-13 (5th Cir. 2002). Furthermore, as noted, this court analyzed § 22.04(a) in *Perez-Munoz v. Keisler*, applying the modified categorical approach. 507 F.3d 357, 358-59, 361-62 (5th Cir. 2007). In doing so, the *Perez-Munoz* court found that the Texas statute was divisible because it involved multiple offenses, specifically because it criminalized both acts and omissions causing injury to a child. *Id.* at 362; *see also Carmona-Castillo v. Mukasey*, 300 F. App'x 287, 288 (5th Cir. 2008) (observing that § 22.04(a) was divisible because it defined multiple offenses). Since the *Descamps* and *Mathis* decisions, however, it is now clear that an elements-focused analysis is the only approved method for determining the divisibility of the statute.

Now, guided by the *Mathis* decision in particular, the Court must revisit Texas Penal Code § 22.04(a), to consider whether its listed items, namely committing an offense by act or by omission, are alternative elements of an offense or alternative means of commission. We find that the Texas Court of Criminal Appeals has answered this precise question by concluding that the Texas Legislature intended the "act or omission" language in § 22.04(a) to "constitute the means of committing the course of conduct element of injury to a child" rather than elements of the offense "about which a jury must be unanimous." *Jefferson v. State*, 289 S.W.3d 305. 312 (Tex. Crim. App. 2006); *see also Villanueva v. State*, 227 S.W.3d 744, 749 (Tex. Crim. App. 2007) (holding, for purposes of double jeopardy, that the act and omission components of Tex. Penal Code § 22.04(a) "were simply two means of alleging and/or proving the same offense . . . ."). Accordingly, our analysis must rest upon those definitive state law decisions. Therefore, we too conclude that § 22.04(a) is an indivisible statute, as a result of its alternative components being means and not elements. As such, the modified categorical approach should have played no role in the district court's sentencing decision. Furthermore, because the offense of causing injury to a child is broader under the Texas statute than a crime of violence, the sentencing court erred when, without the benefit of *Mathis*, it considered more than statutory elements to discern the means by which Martinez-Rodriguez committed the offense, for purposes of enhancement under USSG § 2L1.2(b)(1)(C) (2014) and sentencing under 8 U.S.C. § 1326(b)(2).

## III.    CONCLUSION

For the foregoing reasons, we **VACATE** Martinez-Rodriguez's sentence and **REMAND** for resentencing in accordance with this opinion.