# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2298

_____

United States of America

*Plaintiff - Appellee*

v.

Octavious Tajuan Stovall

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 18, 2019
Filed: April 18, 2019

_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Octavious T. Stovall pled guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced him as a career offender to 120 months' imprisonment. He appeals the career offender determination

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

under U.S.S.G. § 4B1.1. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The Sentencing Guidelines enhance a defendant's base level if the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." **U.S.S.G. § 4B1.1(a)**. Stovall concedes he has one conviction for a controlled substance offense. However, he maintains his Arkansas convictions for aggravated assault and robbery are not crimes of violence. This court reviews the issue de novo. *See **United States v. McMillan***, 863 F.3d 1053, 1055 (8th Cir. 2017).

Under the Sentencing Guidelines, a "crime of violence" is any offense "under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another," or is one of a list of enumerated offenses (including robbery). **U.S.S.G. § 4B1.2(a)**.[2] Determining whether Arkansas robbery is a crime of violence, this court focuses on the elements of the crime, considering whether "the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding crime of violence." ***United States v. Kosmes***, 792 F.3d 973, 975 (8th Cir. 2015). The "'generic' federal definition of a crime of violence . . . mean[s] the sense in which the term is now used in the criminal codes of most States." *Id.* at 976 (internal quotation marks omitted). *See **Taylor v. United States***, 495 U.S. 575, 598 (1990) (considering the "generic, contemporary meaning" of a crime).

---

[2]Before the 2016 edition of the United States Sentencing Guidelines Manual, robbery was not an enumerated offense in the guidelines. However, the 2016 U.S.S.G. Manual amended the guidelines, listing robbery as one of the enumerated offenses under U.S.S.G. § 4B1.2(a). Stovall was sentenced on June 11, 2018. The Presentence Investigation Report indicates that his sentence was computed using the 2016 edition of the U.S.S.G. Manual.

"To determine whether a crime falls within the enumerated-offenses clause," this court begins "by identifying the elements of the generic enumerated offense." ***United States v. Schneider***, 905 F.3d 1088, 1093 (8th Cir. 2018). "[T]he enumerated-offenses clause and its accompanying commentary do not define most of the generic offenses." ***Id.*** But, "[t]he Supreme Court has explained that how 'the criminal codes of most States' define an offense provides strong evidence of its generic meaning." ***Id.*** *quoting **Taylor***, 495 U.S. at 598. In *United States v. House*, 825 F.3d 381 (8th Cir. 2016), this court defined "generic robbery" as "aggravated larceny, or the misappropriation of property under circumstances involving immediate danger to a person." ***House***, 825 F.3d at 387. *See **United States v. Lockley***, 632 F.3d 1238, 1243 (11th Cir. 2011) ("[T]he generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person.") (internal quotation marks omitted); ***United States v. Santiesteban-Hernandez***, 469 F.3d 376, 380 (5th Cir. 2006), *abrogated on other grounds by **United States v. Rodriguez***, 711 F.3d 541 (5th Cir. 2013) ("Although the precise state definitions vary, the generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under circumstances involving [immediate] danger to the person.'"), *quoting* **W. LaFave, Substantive Criminal Law § 20.3(e) intro., (d)(2)** (2d ed. 2003).

At the time of Stovall's conviction, Arkansas Code Annotated § 5-12-102 said:

(a) A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

Based on the plain language of the statute, Arkansas robbery has the same elements as the generic definition of robbery.

Arkansas case law confirms this.  According to the Arkansas Supreme Court, "in adopting the criminal code in 1975," Arkansas changed the primary emphasis in robbery "from the taking of property to the threat of physical harm to the victim." *McElyea v. State*, 200 S.W.3d 881, 883 (Ark. 2005) (internal quotation marks omitted).  Under Ark. Code Ann. § 5-12-102, "the gravamen of the crime of robbery is the injury or threat of injury to the victim." *Richard v. State*, 691 S.W. 2d 872, 874 (Ark. 1985).  *See McElyea*, 200 S.W.3d at 883 ("What makes theft robbery is the use of force.").

Relying on *United States v. Eason*, 829 F.3d 633 (8th Cir. 2016), Stovall asserts his conviction does not meet the generic federal definition of robbery because "immediate danger to another person is not a necessary element of Arkansas's robbery statute."  But *Eason* considered a different question than presented here. There, the court considered whether Arkansas robbery was a violent felony under the force clause of 18 U.S.C. § 924(e).  Because the Arkansas Supreme Court previously had upheld a robbery conviction "where there was no threat of force and no actual injury," this court held that "the degree of physical force required to commit robbery in Arkansas" does not rise "to the level of physical force required to establish a crime of violence for ACCA purposes." *Eason*, 829 F.3d at 641-42.

*Eason* does not control the analysis here where the question concerns the enumerated clause of § 4B1.2(a).   Stovall's reasoning conflates the issues of (1) whether a conviction is a violent felony under 18 U.S.C. § 924(e), with (2) whether a conviction is an enumerated offense under U.S.S.G. § 4B1.2.  The inquiry here is not whether the conviction involved the threat or use of "violent force," but rather whether the conviction is one for theft involving "immediate danger."  The terms "violent force" and "immediate danger" are not synonymous.  While Stovall cites Arkansas cases that potentially involve actions insufficient to constitute "violent force" under 18 U.S.C. § 924(e)—jerking a victim's hand, blocking a victim's exit, cornering a victim, and grabbing a victim's dress—the actions are sufficient to

constitute "immediate danger." *See **Parker v. State***, 529 S.W. 2d 860, 863 (Ark. 1975) ("[T]he mere snatching of money or goods from the hand of another is not robbery, unless some injury is done to the person or there be some struggle for possession of the property prior to the actual taking or some force used in order to take it.").

Stovall's Arkansas robbery conviction "fits within the generic federal definition of" robbery. ***Kosmes***, 792 F.3d at 975. *See **United States v. Farris***, 312 Fed. Appx. 598, 599 (5th Cir. 2009) (holding that Arkansas aggravated robbery is a crime of violence because "the Arkansas aggravated robbery statute, like the Arkansas robbery statute, corresponds to the generic, contemporary meaning of robbery as it involves misappropriation of property under circumstances involving danger to another person"). The district court did not err in determining it was a crime of violence.[3] *See **United States v. Jones***, 384 Fed. Appx. 542, 542 (8th Cir. 2010) (affirming the career offender enhancement based on an Arkansas robbery conviction because "a robbery specifically enumerated in § 4B1.2 is a crime of violence for career offender purposes"). *See also **Lockley***, 632 F.3d at 1244-45 (holding that Florida robbery–defined as "the taking of money or other property which may be the subject of larceny from the person or custody of another, with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear"—meets the generic federal definition of robbery).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

_____

[3]Because Stovall's Arkansas robbery conviction is a crime of violence, this court need not consider his Arkansas assault conviction.

-5-