# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10688
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO PLAZA-MONTECILLO, also known as Alejandro Plaza-Montesillo,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-13-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Alejandro Plaza-Montecillo pleaded guilty to illegal reentry after removal and he was sentenced to 41 months of imprisonment. *See* 8 U.S.C. § 1326. On appeal, he challenges the determination that he had one or more prior convictions that qualified as an "aggravated felony," which subjected him to an enhanced statutory maximum sentence under § 1326(b)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10688

The definition of an "aggravated felony" for purposes of § 1326(b)(2) is found at 8 U.S.C. § 1101(a)(43). Most relevant here is § 1101(a)(43)(F), which states that a prior conviction for a "crime of violence," as defined at 18 U.S.C. § 16, that results in a sentence of at least one year is an aggravated felony. Section 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The determination whether a prior offense qualifies as an aggravated felony is reviewed de novo. *See United States v. Martinez-Rodriguez*, 857 F.3d 282, 284 (5th Cir. 2017).

One of Plaza-Montecillo's prior convictions was for the Texas offense of robbery. *See* TEX. PENAL CODE § 29.02(a). We recently held that a conviction for "robbery-by-injury" under § 29.02(a)(1) "categorically requires the use of physical force," while a conviction for "robbery-by-threat" under § 29.02(a)(2) "likewise requires the 'attempted use, or threatened use of physical force." *United States v. Burris*, 920 F.3d 942, 948 (5th Cir. 2019). Although *Burris* addressed 18 U.S.C. § 924's definition of a "violent felony," the definition used in that statute is nearly identical to § 16(a)'s definition of a "crime of violence." We see no reason why our determination in *Burris* should not apply here.

Because Plaza-Montecillo's prior Texas robbery conviction qualified as a crime of violence, and thus as an aggravated felony, the district court did not err by finding that § 1326(b)(2)'s enhanced statutory maximum of 20 years of imprisonment applied.

AFFIRMED.