# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3240

_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan Alexander

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 10, 2019
Filed: July 30, 2019
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jonathan Alexander pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). At sentencing, the district court[1]

---

[1]The Honorable D. P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

increased Alexander's base offense level because his prior conviction for robbery in violation of Ark. Code Ann. § 5-12-102 was "a crime of violence." See USSG § 2K2.1(a)(3). This resulted in an advisory guidelines range of 78 to 97 months in prison. Alexander appeals his 78-month sentence, arguing his Arkansas robbery conviction is not a crime of violence under the Guidelines.

"The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is . . . robbery." USSG § 4B1.2(a), incorporated by reference in § 2K2.1, comment. (n.1). Alexander argues that Arkansas robbery is not a crime of violence under § 4B1.2(a) because (1) the degree of physical force required to commit the offense does not rise to the level of force required by the force clause, § 4B1.2(a)(1), and (2) the elements of Arkansas robbery "sweep more broadly" than the elements of the enumerated offense of generic robbery in § 4B1.2(a)(2).

In United States v. Stovall, 921 F.3d 758, 760 (8th Cir. 2019), we held that "Arkansas robbery has the same elements as the generic definition of robbery." In United States v. Smith, No. 17-3760, 2019 WL 2619867 (8th Cir. June 27, 2019), applying Stokeling v. United States, 139 S. Ct. 544 (2019), we held that Arkansas robbery requires sufficient force to overcome a victim's resistance; therefore it is a crime of violence under both the force clause and the enumerated offense clause of USSG § 4B1.2. 2019 WL 2619867 at *2. We are bound by these recent, controlling decisions. Accordingly, the judgment of the district court is affirmed.

_____