# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2020

Lyle W. Cayce
Clerk

No. 19-40870

United States of America,

*Plaintiff—Appellee*,

*versus*

Kendall Ray Gray,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:19-CR-2-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.
Per Curiam:[*]

Kendall Gray appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Gray contends that the district court erred both by denying his motion to suppress evidence found during an inventory search and by determining that his prior state

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

conviction for robbery qualified as a crime of violence.  Finding both arguments unpersuasive, we **AFFIRM**.

In late 2018, Texarkana police officers arrested Gray after he parked his vehicle in a public street and attempted to flee when the officers activated their lights in order to make a lawful stop for a traffic violation.  Following department policy regarding vehicles parked in a public street when the driver is arrested, officers impounded Gray's Jeep.  As the officers inventoried the contents of the vehicle, they discovered narcotics in a driver's-side door panel pocket and a loaded pistol under the driver's seat.  Gray moved to suppress all evidence found during the inventory of his Jeep.  A magistrate judge denied the motion, holding that the impoundment and inventory search of the vehicle were legal and performed in accordance with department policy.  Upon Gray's objection, the district court conducted a de novo review and agreed with the magistrate judge's conclusions

Gray was convicted by a jury.  When calculating his offense level, the presentence report ("PSR") determined that Gray had a prior felony conviction for a crime of violence (Arkansas robbery) at the time he committed the instant Section 922(g) offense.  The district court sentenced Gray within the guidelines range calculated by the PSR.  Gray objected to the PSR's classification of his Arkansas robbery conviction, but the district court held that his conviction qualified as an enumerated offense under U.S.S.G. § 4B1.2(a)(2) according to Eighth Circuit law and overruled Gray's objection.  He received a within-guidelines sentence of 120 months imprisonment, together with three years supervised release.

Gray timely appealed.  Concerning the suppression motion, we accept as true the district court's factual findings unless clearly erroneous and review questions of law de novo.  *United States v. McKinnon*, 681 F.3d 203, 207 (5th Cir. 2012).  We review "the district court's interpretation and

application of the Sentencing Guidelines de novo." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016) (quoting *United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014)).

Gray argues that the Texarkana Police Department's ("TPD") impoundment policy and the decision to impound his vehicle were unreasonable. We disagree. Gray asserts, for the first time on appeal, that the policy is *per se* unreasonable and, were it not for a fatal flaw in his presentation, we would review that contention for plain error. *See United States v. Vasquez*, 899 F.3d 363, 372 (5th Cir. 2018), *as revised* (Aug. 24, 2018), *cert. denied*, 139 S. Ct. 1543 (2019). However, Gray abandoned this issue by failing to cite any legal authority to support his conclusional assertion that the TPD's impoundment policy is *per se* unreasonable and not even citing the policy itself.[1] *See United States v. Reagan*, 596 F.3d 251, 255 (5th Cir. 2010); *see also* FED. R. APP. P. 28(a)(8)(A) (requiring the appellant to set out his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We do not address this contention.

Gray's further argument that the officer's on-the-spot decision to impound his vehicle was unreasonable is also unavailing. First, there was nobody at the scene of the arrest to whom the officer could have released the vehicle. None of several other exceptions to the TPD's impoundment policy applied in these circumstances. We have previously found that decisions to impound a vehicle fall within officers' community caretaking function—an exception to the warrant requirement—and were thus reasonable, when, "[b]y impounding the vehicle, [the officer] ensured that the vehicle was not left on a public street where it could have become a nuisance, and where it

---

[1] Gray erroneously stated that the impoundment policy is not in the record. It is.

could have been stolen or damaged." *McKinnon*, 681 F.3d at 203, 209; *see also United States v. Ponce*, 8 F.3d 989, 996 (5th Cir. 1993) (impounding was reasonable where the vehicle would otherwise have been left "in a public parking lot where it could have become a nuisance, and where it could have been damaged or stolen"); *United States v. Staller*, 616 F.2d 1284, 1289 (5th Cir. 1980) (that a vehicle was locked and legally parked "does not necessarily negate the need to take the vehicle into protective custody"). The district court did not clearly err in determining that the decision to impound Gray's vehicle was reasonable under the facts of record.

Gray next argues that TPD's inventory policy is unreasonably broad. "[A]n inventory search of a seized vehicle is reasonable . . . if it is conducted pursuant to standardized regulations and procedures that are consistent with" the purposes of taking an inventory. *McKinnon*, 681 F.3d at 209-10 (internal quotation marks and citation omitted); *see also Colorado v. Bertine*, 479 U.S. 367, 374 (1987) ("[R]easonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment."). Yet "an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990).

Once again, Gray mistakenly asserts that the inventory policy is not in the record. And as was the case with the impoundment policy, TPD's inventory policy is not as broad as Gray suggests. The policy imposes several limitations on an officer's examination of a vehicle, such as prohibiting inventory when the officer cannot enter the vehicle without damaging it, and prohibiting search of the contents of locked briefcases, boxes, or other containers. As we explained in *McKinnon*, even a "slight constraint" on the officer's discretion is enough to deprive him of the unfettered discretion that the Court in *Wells* found to be "constitutionally deficient." 681 F.3d at 210.

For all these reasons, the district court did not err by denying Gray's motion to suppress.

Turning to Gray's sentencing argument, he contends that the Arkansas robbery statute underlying his prior conviction was not a crime of violence ("COV") for sentencing purposes. The PSR applied Section 2K2.1(a)(4)(A), which authorizes a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of," as pertinent here, a COV. U.S.S.G. § 2K2.1(a)(4)(A). "Crime of violence" has the meaning given that term in U.S.S.G. § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." § 2K2.1, comment (n.1). Among the enumerated COV offenses listed in § 4B1.2(a) is "robbery."

Typically, to determine whether a prior conviction qualifies as a § 4B1.2 COV, this court compares the elements of the statute of conviction to the relevant federal definition, and we must look  to the generic, contemporary meaning of an enumerated crime. *See United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006). "[T]he generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person." *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006) (internal quotation marks and citation omitted), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013). If the statute of conviction defines an offense more broadly than does the generic definition, "that offense cannot serve as a predicate for the adjustment." *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013).

Gray pled guilty to robbery under Arkansas Code Annotated § 5-12-102. The statute of conviction states that "[a] person commits robbery if,

with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." ARK. CODE ANN. § 5-12-102(a). Applying the same definition of robbery as this circuit, the Eighth Circuit has concluded that, based on the statute's plain language, "Arkansas robbery has the same elements as the generic definition of robbery."[2] *United States v. Stovall*, 921 F.3d 758, 760 (8th Cir. 2019). *Stovall* also cited Arkansas case law reinforcing its conclusion. *Id.* Finding the reasoning of *Stovall*, as well as an unpublished decision from this circuit, to be persuasive, we reaffirm that the generic definition of robbery and Arkansas robbery have the same elements. *See United States v. Farris*, 312 F. App'x 598, 599 (5th Cir. 2009). The district court applied the appropriate guidelines range for Gray's sentence.

**AFFIRMED**.

---

[2] Arkansas is located in the Eighth Circuit.