# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2025

Lyle W. Cayce
Clerk

_____

No. 24-10519

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DARRELL WICKWARE,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-27-1

_____

Before STEWART, CLEMENT, and WILLETT, *Circuit Judges*.

ON PETITION FOR REHEARING

PER CURIAM:

Our prior panel opinion, *United States v. Wickware*, 136 F.4th 591, 592 (5th Cir. 2025), is WITHDRAWN and the following opinion is SUBSTITUTED:

This case concerns the effect of an intervening amendment to the Sentencing Guidelines on the sentence of Darrell Wickware. For the reasons provided below, we AFFIRM the decision of the district court.

I

No. 24-10519

In 2017, Darrell Wickware was convicted of robbery under Texas law, a felony offense, and ultimately sentenced to three years' imprisonment. In May 2021, Wickware was found with a 9-millimeter caliber pistol and charged with unlawful possession of a firearm by a convicted felon. In January 2022, Wickware was indicted for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—possessing a firearm as a convicted felon. He pleaded guilty.

In June 2024, Wickware appeared for his sentencing hearing. The court addressed his objection and argument that his earlier robbery conviction under the Texas Penal Code did not qualify as "a crime of violence" under the amended Sentencing Guidelines. The court noted that: (1) the Fifth Circuit characterized "robbery" under Texas law as generic robbery and a crime of violence, and (2) Wickware argued that said characterization was no longer good law in light of amendments to the Sentencing Guidelines that "might have" changed the law so that "'reckless conduct' under Texas law is no longer covered by . . . generic robbery[.]" The district court ultimately ruled that it was "still bound by Fifth Circuit precedent" and sentenced Wickware to 24 months' imprisonment. He timely appealed.

II

On appeal, Wickware asks us to evaluate a recent Guidelines amendment's effect on our precedent and its potential application to his sentence.

Wickware does not dispute the fact of his robbery conviction, only its characterization as a crime of violence under the Guidelines. We review this characterization de novo. *United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir. 2004) (en banc) (per curiam), *overruled in part on other grounds by United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018).

No. 24-10519

A

Wickware first contends that the district court erred in finding his argument was foreclosed by circuit precedent. Not so.

The Texas Penal Code defines "robbery" as "intentionally, knowingly, or recklessly caus[ing] bodily injury to another" or "intentionally or knowingly threaten[ing] or plac[ing] another in fear of imminent bodily injury or death" "in the course of committing theft." Tex. Penal Code Ann. § 29.02(a)(1)–(2).

In *United States v. Santiesteban-Hernandez*, a 2006 opinion, we held that although § 29.02 "focuses on the realization of the immediate danger through actual or threatened bodily injury, the difference is not enough to remove the Texas statute from the family of offenses commonly known as 'robbery'" under the Guidelines. 469 F.3d 376, 381 (5th Cir. 2006), *abrogated by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc). The Texas statute and the generic offense "substantially correspond[ed]" because "they both involve[d]," as elements of the offense, "theft and immediate danger to a person." *Id.* About fifteen years later, we affirmed our *Santiesteban-Hernandez* holding in *United States v. Adair*, 16 F.4th 469 (5th Cir. 2021). Specifically, we held that a Texas robbery conviction under § 29.02 "qualifies as a crime of violence under [the Guidelines]" because "the elements of Texas robbery 'substantially correspond to the basic elements of the generic offense' of robbery." *Id.* at 470 (quoting *Santiesteban-Hernandez*, 469 F.3d at 381).

At the time of both decisions, the Guidelines defined a "crime of violence" to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," including, as noted either in the text or in the commentary, "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson,

3

extortion, or the use or unlawful possession of a firearm . . . or explosive material." U.S.S.G. § 4B1.2(a).

It wasn't until November 2023 that the Sentencing Commission amended § 4B1.2 to define "robbery" as "the unlawful taking or obtaining of personal property from the person . . . against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession." § 4B1.2(e)(3).

Wickware now asks us to "set aside *Santiesteban-Hernandez.*" Wickware contends that the 2023 amendment to the Guidelines provided a specific definition of "robbery," which makes *Sebastian-Hernandez* distinguishable; at the time we decided *Santiesteban-Hernandez*, the "Guidelines did not define the term 'robbery.'" The Government disagrees and argues that we are bound by *Santiesteban-Hernandez*'s holding that Texas robbery is a crime of violence.

It is clear that "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). We have held that a Sentencing Commission's change to Guidelines Manual commentary "must clearly overrule our caselaw to warrant a departure from the rule of orderliness." *United States v. Longoria*, 958 F.3d 372, 377 (5th Cir. 2020). But when the actual text of the Guidelines has been amended—not just the commentaries—we have no such rule.[1] A change to the Guidelines

---

[1] Additionally, we cannot say there is a "clear" contradiction between a new definition and something that was previously undefined; since the statute did not define the offense, there is no prior definition to contradict.

themselves is more important, and more akin to statutory amendment, than a change to the commentaries.

In a recent unpublished opinion, a panel of our court determined that "a Texas robbery conviction constitutes a crime of violence under § 4B1.2(a)(2)." *United States v. Garcia*, No. 23-40717, 2025 WL 545711, at *3 (5th Cir. Feb. 19, 2025) (per curiam). As a part of its decision, the panel distinguished *Adair* because when it was decided, the Guidelines had not undergone the 2023 amendment that provided a specific definition of "robbery." *Id.* (quoting *Adair*, 16 F.4th at 470). We agree.

Accordingly, we hold that neither *Adair*—nor its predecessor, *Santiesteban-Hernandez*—directly control our conclusion here due to the intervening amendment of the Guidelines.

B

We now determine if the elements of the two offenses—Texas "robbery" and Guidelines "robbery"—match. The analysis is straightforward. When the Guidelines define the offense, we examine "the plain meaning of the guidelines." *United States v. Alay*, 850 F.3d 221, 223 (5th Cir. 2017). We then compare the elements in a "straightforward" analysis: We "line[] up that crime's elements alongside those of the generic offense and see[] if they match." *Mathis v. United States*, 579 U.S. 500, 504–05 (2016). "If the elements of the prior offense are the same or narrower than those of the generic offense, then it qualifies for whatever consequences under federal law attach to the generic offense." *United States v. Martinez-Rodriguez*, 857 F.3d 282, 285 (5th Cir. 2017) (citing *Mathis*, 579 U.S. at 504–05). "However, if its elements are broader, then the prior offense is not treated as an equivalent to the generic offense." *Id.*

Wickware argues that the addition of the phrase "by means of actual or threatened force, or violence, or fear of injury" requires a "causal

connection" between the defendant's assaultive conduct and the unlawful taking; the property must be taken from the person *through* actual or threatened force. Essentially, Wickware argues that the amended Guidelines require harm to *precede* the theft. And because the Texas Penal Code simply requires harm to another "*in the course of* committing theft," a robbery conviction under § 29.02 no longer qualifies as a "crime of violence" under the Guidelines. For us to agree with Wickware, we must find that "in the course of" and "by means of" are substantially dissimilar.

We decline to do so. The Supreme Court has stated that "minor variations in terminology" do not trump the observation that "the state statute corresponds in substance to the generic meaning." *Taylor v. United States*, 495 U.S. 575, 599 (1990). While Wickware is not incorrect that "in the course of" is more akin to "during," and "by means of" is more akin to "through," both phrases require the use of force preceding, during, or throughout the theft. And since "minor variations in terminology" should not distract us from the "substance" of the text, we do not find this difference compelling. *See id.*

Additionally, the Guidelines' definition of the elements of robbery is the same or broader than § 29.02.[2] For example, under § 4B1.2(e)(3), a

---

[2] As another example, the Texas Penal Code provides two ways to commit robbery, each with different, yet partially overlapping, mens rea: "*intentionally, knowingly, or recklessly* causes bodily injury to another" or "*intentionally or knowingly* threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02(a) (emphases added). The definition of robbery in the Guidelines, in contrast, does not specify a mens rea. U.S.S.G. § 4B1.2(e)(3). The Supreme Court has stated "[t]he fact that the statute does not specify any required mental state . . . does not mean that none exists." *Elonis v. United States*, 575 U.S. 723, 734 (2015). Instead, "a defendant generally must 'know the facts that make his conduct fit the definition of the offense,' even if he does not know that those facts give rise to a crime." *Id.* (citation omitted) (quoting *Staples v. United States*, 511 U.S. 600, 607 n.3 (1994)). In the petition for rehearing, which this panel granted, Wickware asserts that the definition of robbery in the Guidelines tracks the Hobbs Act,

No. 24-10519

defendant may be convicted of robbery if he, in the course of theft, threatens to cause bodily harm to a person *or their property*. "Injury or threat of injury to someone's *property*, however, is not an element of Texas's robbery statute." *Garcia*, 2025 WL 545711, at *4 (emphasis added). Thus, the Guidelines definition of "robbery" is broader than that of Texas. Additionally, the Texas statute states that a robbery occurs if the victim is placed "in fear of *imminent* bodily injury," Tex. Penal Code Ann. § 29.02(a)(2) (emphasis added), while the Guidelines provide for "fear of injury, *immediate or future*," § 4B1.2(e)(3) (emphasis added). The temporal element of the Texas statute is narrower than that of the Guidelines.

For these reasons, we hold that the elements of robbery under § 29.02 are the same or narrower than those of the Guidelines' generic robbery offense.

## III

Wickware's Texas robbery conviction constitutes a "crime of violence" under U.S.S.G. § 4B1.2(a)(2). Therefore, we AFFIRM.

---

which excludes reckless conduct. That would mean that robbery under the Guidelines is a categorical mismatch of Texas robbery. However, upon further review, we conclude Wickware forfeited this argument. See *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). While Wickware addresses mens rea and recklessness in his initial briefing, he does so only in support of his argument that the Guidelines require a causal nexus between force and theft and in the context of arguing that his conviction does not qualify as a crime of violence under § 4B1.2's force clause, § 4B1.2(a)(1). We therefore do address whether the Guidelines' definition of robbery includes a narrower mens rea than the Texas Penal Code requires.