# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2025

Lyle W. Cayce
Clerk

No. 24-11070

United States of America,

*Plaintiff—Appellee*,

*versus*

Eddie Hudson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-140-1

Before Higginbotham, Ho, and Douglas, *Circuit Judges*.

Per Curiam:

Eddie Hudson appeals his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Hudson contends that the district court erred in calculating his sentence per the United States Sentencing Guidelines. Having found no error, we AFFIRM.

I.

No. 24-11070

On September 4, 2008, Hudson pleaded guilty and served 15 years for robbery, a felony offense, in Desha County, Arkansas.[1]

On August 8, 2024, Hudson pleaded guilty to possession of a firearm by a convicted felon.  The district court sentenced Hudson to 41 months in prison and imposed a three-year term of supervised release.  On appeal, Hudson challenges the district court's Presentence Investigation Report's ("PSR") base offense level categorization of 19.  Specifically, Hudson argues that the district court erred by including his 2008 offense of Arkansas robbery as a prior enumerated crime of violence.

Hudson objected to the findings of his PSR, arguing that Arkansas robbery was categorically broader than the United States Sentencing Guidelines' (the "Guidelines") definition of robbery and that it therefore should not qualify as a crime of violence for the purposes of calculating his base offense level.[2]  At his sentencing hearing, the district court noted Hudson's objection but found that his base offense level was properly calculated and sentenced him at the top of the Guidelines.[3]

## II.

Hudson now asks our court to consider the effect of Amendment 822 to the Guidelines on our precedent and its potential application to his total offense level.  Amendment 822 codified the definition of Hobbs Act robbery into the Guidelines' list of prior enumerated offenses to be considered at

---

[1]    Two additional counts for (1) theft of property and (2) felon in possession of a firearm were dismissed upon acceptance of Hudson's guilty plea.

[2]    In response to Hudson's objection, the probation officer assigned to the case filed an addendum affirming his base level calculation of 19, concluding that Arkansas robbery was properly classified as a prior crime of violence.

[3]    Hudson's PSR cited U.S.S.G. § 4A1.3(a), noting that Hudson's criminal history category "substantially underrepresent[ed]" the likelihood of his recidivism.

sentencing. Arkansas robbery, Hudson argues, is a categorical mismatch for the robbery definition adopted by the Gudelines in Amendment 822.

Hudson does not challenge his robbery conviction, only its characterization as a crime of violence under the Guidelines. We review this characterization de novo. *United States v. Medina-Anicacio*, 325 F.3d 638 (5th Cir. 2003).

## A.

Hudson first contends that there are no precedential opinions from our court on the unique question presented. Following the filing of his brief, however, our court ruled on a similar sentencing challenge in *United States v. Wickware*, 143 F.4th 670 (5th Cir. 2025). On rehearing, we held that a criminal defendant's prior Texas robbery conviction was properly categorized as a crime of violence when calculating his base offense level. *Id.* at 675. In that case, Texas had on the books a robbery statute that closely mirrored Arkansas' definition—neither definition fits neatly into the new Amendment 822 definition of robbery. Despite that fact, our court held that Texas robbery still qualified as a crime of violence under the Guidelines. *Id.*

In two prior unpublished decisions, our court resolved the question of whether Arkansas robbery must be considered a crime of violence in the affirmative. *See United States v. Gray*, 824 F. App'x 258 (5th Cir. 2020); *United States v. Farris*, 312 F. App'x 598 (5th Cir. 2009). While Hudson is correct that neither opinion binds this court, their analyses provide helpful insight in evaluating Hudson's appeal.

## B.

In determining whether Arkansas robbery properly corresponds to Amendment 822's definition of robbery, we must ascertain whether the elements of the two offenses—Arkansas "robbery" and Guidelines

"robbery"—are a categorical match. *Wickware*, 143 F.4th at 674. "If the elements of the prior offense are the same or narrower than those of the generic offense, then it qualifies for whatever consequences under federal law attach to the generic offense." *Wickware*, 143 F.4th at 674 (quoting *United States v. Martinez-Rodriguez*, 857 F.3d 282, 285 (5th Cir. 2017). "However, if its elements are broader, then the prior offense is not treated as an equivalent to the generic offense." *Id.*

Relevant here, Amendment 822 added the following definition of robbery into the Guidelines:

> "Robbery" is the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. The phrase "actual or threatened force" refers to force that is sufficient to overcome a victim's resistance.

U.S.S.G. § 4B1.2(e)(3).

Hudson contends that Arkansas robbery is categorically broader than the Guidelines definition. He argues that Guidelines robbery includes a causal nexus, requiring the taking to be done by means of force. Arkansas has no such requirement. Arkansas robbery is defined to include force or threats employed to "resist[] apprehension" immediately after committing a felony or misdemeanor theft. ARK. CODE ANN. § 5-12-102(a).

Hudson argues that there is a mismatch between Arkansas robbery and Guidelines robbery because, per the Arkansas statute, the act of force may take place either before, or in immediate flight following the theft. Hudson therefore finds a substantial difference between a theft *by means* of

actual force and a theft wherein the perpetrator uses force either before or immediately after the illegal taking. We find no such difference. "The Supreme Court has stated that 'minor variations in terminology' do not trump the observation that 'the state statute corresponds in substance to the generic meaning.' *Wickware*, 143 F.4th at 674 (quoting *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Both Guidelines robbery and Arkansas robbery require the illegal taking to have a force element either before or immediately after committing the theft—the plain meaning of both robbery statutes clearly align.

## III.

The district court correctly addressed Hudson's objection in finding that there was no categorical mismatch between Arkansas robbery and Guidelines robbery. We therefore find that the district court did not err in calculating Mr. Hudson's total base offense level at 19.

Accordingly, we AFFIRM the district court's judgment.