# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2022

Lyle W. Cayce
Clerk

No. 20-60952

Emmanuel Chukwuka Monsonyem,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A059 960 427

Before Clement, Graves, and Costa, *Circuit Judges*.
Per Curiam:

Emmanuel Chukwuka Monsonyem, a native and citizen of Nigeria, was admitted to the United States on January 10, 2009, under the terms of an immigrant visa. On June 30, 2017, he was convicted in Texas state court of the felony offense of injury to a child, in violation of Texas Penal Code § 22.04(a)(3). On December 13, 2018, the Department of Homeland Security (DHS) served Monsonyem with a Notice to Appear (NTA), charging him with removability under 8 U.S.C. § 1227(a)(2)(E)(i), as an alien who, at any time after admission, was convicted of a crime of child abuse.

No. 20-60952

In an April 2019 hearing before an Immigration Judge (IJ), Monsonyem, appearing with counsel, admitted to the allegations set forth in the NTA but contested the charge of removability. He filed a motion to terminate, arguing that his Texas state conviction for injury to a child under § 22.04(a)(3) did not render him removable under § 1227(a)(2)(E)(i). Specifically, he argued that an offense under § 22.04(a) is categorically broader than child abuse because § 22.04(a) also criminalizes injury to an elderly person or a disabled individual. Further, he asserted that the modified categorical approach could not be applied to the statute because it is indivisible as to the victim class. The DHS opposed the motion, arguing that the statute is divisible and that under the modified categorical approach, his offense should be deemed a crime of child abuse. After hearing argument from the parties, the IJ sustained the charge of removability.

In August 2019, Monsonyem applied for cancellation of removal. He requested that the IJ exercise his discretion to grant him relief, arguing that, as required by statute, he had been lawfully admitted as a permanent resident for at least five years; he had resided in the United States continuously for seven years after his admission; and he had not been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a). After a hearing, the IJ denied Monsonyem's request for cancellation of removal, ordered him removed, and denied his request for voluntary departure.

Monsonyem appealed to the BIA, asserting numerous errors in the IJ's decision. On September 15, 2020, the BIA dismissed Monsonyem's appeal, denied his requests for cancellation of removal or voluntary departure, and ordered his removal. Proceeding pro se, Monsonyem then submitted a petition for review to this court.

2

No. 20-60952

I.

When reviewing a BIA decision, we consider legal questions, including jurisdictional issues, de novo. *See Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (per curiam). Findings of fact, on the other hand, are reviewed for substantial evidence. *Zhu*, 493 F.3d at 594. Under the substantial-evidence standard, we may not reverse factual findings unless the alien shows that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). While our review is limited to the BIA's decision, we will consider the IJ's decision to the extent it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

II.

Monsonyem presents us with two overarching issues on appeal: (1) whether the BIA erred in affirming the IJ's finding that he was removable under § 1227(a)(2)(E)(i) due to his § 22.04(a) conviction; and (2) whether the IJ erred in denying his application for cancellation of removal. As a preliminary matter, we have jurisdiction to consider Monsonyem's petition even though the clerk's office received it 31 days after the BIA's decision. *See Fosu v. Garland*, No. 20-60749, slip op. at 4 (5th Cir. June 7, 2022) (holding that pursuant to Federal Rule of Appellate Procedure 25(a)(2)(A)(iii), "the prison mailbox rule applies to pro se detainees in immigration proceedings"). We consider each issue in turn.

A.

Monsonyem claims that the BIA erred in determining that § 22.04(a) serves as a qualifying crime of child abuse under § 1227(a)(2)(E)(i).

According to him, § 22.04(a) is categorically overbroad and indivisible as to victim class, and the BIA erred in finding otherwise. Moreover, Monsonyem avers that neither party presented the issue of victim-class divisibility before the IJ; thus, the IJ abused his authority by ruling on that matter. The BIA, on the other hand, found that Texas' pattern jury instruction and caselaw supported the IJ's finding that § 22.04 is divisible as to victim class. Further, it rejected Monsonyem's argument that the IJ lacked authority to decide the divisibility issue because the parties did not present the issue. Instead, it found that the "[t]he issue of section 22.04(a)(3)'s divisibility was squarely presented by [Monsonyem's] motion to terminate." We agree with the BIA on both matters.

We begin with Monsonyem's second sub-issue first: whether the IJ was permitted to consider the divisibility issue. *Kamen v. Kemper Financial Services, Inc.* is on point. 500 U.S. 90, 99 (1991). According to *Kamen*: "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Id.* at 99. Here, Monsonyem's motion to terminate "squarely presented" the issue of the statute's divisibility. Thus, the BIA did not err in rejecting Monsonyem's claim that the IJ impermissibly ruled on the divisibility issue.

We now turn to the divisibility issue itself. When determining whether a state conviction renders an alien removable, we apply the categorical approach. *Garcia v. Barr*, 969 F.3d 129, 134 (5th Cir. 2020). "Under that approach, we look not to the facts of the underlying case but instead to whether the statutory definition of the state crime 'categorically fits within the 'generic' federal definition' of the removable offense." *Id.* (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)). "So long as the relevant statutes state a single, or indivisible, set of elements, application of

the categorical approach is a rote exercise." *United States v. Martinez-Rodriguez*, 857 F.3d 282, 285 (5th Cir. 2017). That is not the case here.

To begin, we need the generic federal definition. Section § 1227(a)(2)(E)(i) does not define "crime of child abuse." Nonetheless, we have previously held that the BIA's definition of the term is a reasonable reading that is entitled to *Chevron* deference. *Garcia*, 969 F.3d at 134 (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). According to the BIA, the term "crime of child abuse" means "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008); *see also Garcia*, 969 F.3d at 133-34 (adopting the BIA's interpretation of the term). We now must consider whether § 22.04(a) falls within this generic federal definition.

Section § 22.04(a) criminalizes "intentionally, knowingly, recklessly, or with criminal negligence" causing by act or "intentionally, knowingly, or recklessly" causing by omission bodily or serious mental injury to "a child, elderly individual, or disabled individual." The BIA concluded that "[t]here is no dispute," § 22.04(a) is categorically overbroad. The BIA is correct. While § 1227(a)(2)(E)(i) is concerned with crimes against children, § 22.04(a) is concerned with crimes against children *and elderly and disabled individuals*. Accordingly, § 22.04(a) is not "an equivalent to the generic offense." *Martinez-Rodriguez*, 857 F.3d at 285.

That § 22.04(a) is overbroad is not the end of the matter, however. If the state statute "sets forth elements in an alternative or disjunctive structure, it is considered divisible, and a second approach is available to [us]." *Id.* "Known as the modified categorical approach, this approach

No. 20-60952

allows [us] to pare down a prior conviction under a divisible statute by consulting certain materials," such as the indictment, a written plea agreement, or the transcript of a plea colloquy. *Id.* This approach is only permitted if the relevant statute is divisible—i.e., if the statute lists out alternative elements, rather than alternative means. *Id.*; *see also Mathis v. United States*, 579 U.S. 500, 517–18 (2016) (same). To distinguish elements from means, we ask whether a jury must agree on the statute's alternatives. *Martinez-Rodriguez*, 857 F.3d at 285; *Mathis*, 579 U.S. at 517–18; *see also United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022) ("To reiterate, '[t]he test to distinguish means from elements is whether a jury must agree' that one alternative, and not the other, was committed." (quoting *United States v. Howell*, 838 F.3d 489, 497 (5th Cir. 2016))).

The BIA concluded that § 22.04(a) is divisible as to victim class and applied the modified categorical approach over Monsonyem's objection. We review the BIA's legal conclusion de novo. *See Zhu*, 490 F.3d at 594. Like the BIA, we consider § 22.04(a)'s text, relevant state court precedents, Texas' pattern jury instructions, and Monsonyem's record of conviction to determine whether § 22.04(a) is divisible as to victim classes.

We begin with the text. *See Mathis*, 579 U.S. at 518 ("[T]he statute on its face may resolve the issue."). While § 22.04(a) is largely unhelpful itself, an affirmative defense provided in § 22.04(a)(m) suggests that the statute is divisible as to victim classes. That subsection makes it "an affirmative defense to prosecution under [s]ubsections (a)(1), (2), and (3) for injury to a *disabled individual* that the person did not know and could not reasonably have known that the individual was a disabled individual, as defined by [s]ubsection (c), at the time of the offense." § 22.04(a)(m) (emphasis added). This defense, or one like it, is not offered to crimes against children or elderly individuals. As the BIA concluded, "[t]his variation in the availability of a mistake-of-fact defense strongly suggests that Texas

6

understands 'injury to a disabled individual' to be a distinct offense from injury to a child or injury to an elderly individual."

Texas state court cases also suggest that § 22.04(a) is divisible as to victim classes, though they do not definitively address the issue. *See Mathis*, 579 U.S. at 518 (holding that state court rulings serve as authoritative sources on issues of divisibility). Importantly, none of the cases the government cites, or the IJ relied on, squarely address the issue of divisibility because none of the courts in these cases were asked to specifically decide that issue. Nevertheless, as the BIA concluded, the Texas state court cases:

> show that violations of section 22.04(a)(3) are routinely prosecuted and adjudicated by selecting one class of victim to the exclusion of the others—that is, as *either* "bodily injury to a child," or "bodily injury to an elderly individual," or "bodily injury to a disabled individual," but not as "bodily injury to [any of the three] or [more than one of the three]."

*See Jones v. State*, No. 02-17-00365-CR, 2019 WL 761566, at *3 (Tex. App.—Fort Worth Feb. 21, 2019, no pet.) (unpublished) ("In order to show that Appellant committed the offense of injury to an elderly person, the State was required to show that Appellant intentionally or knowingly caused serious bodily injury to a person over the age of 65."); *Fraser v. State*, 523 S.W.3d 320, 325 (Tex. App.—Amarillo 2017), rev'd, 583 S.W.3d 564 (Tex. Crim. App. 2019) ("A person commits the offense of injury to a child if she intentionally, knowingly, recklessly, or by criminal negligence causes bodily injury or serious bodily injury to a child fourteen years old or younger."); *Arteaga-Roman v. State*, No. 09-17-00188-CR, 2018 WL 2324686, at *5 (Tex. App.—Beaumont May 23, 2018, no pet.) (unpublished) ("[A] person commits the offense of injury to a child if he intentionally or knowingly causes bodily injury to a child."); *Hicks v. State*, 241 S.W.3d 543, 544 (Tex. Crim. App. 2007) (stating that the defendant was convicted of "injury to a disabled

individual" by "intentionally or knowingly causing serious bodily injury to a disabled individual"); *Kelly v. State*, 748 S.W.2d 236, 237–38 (Tex. Crim. App. 1988) (stating that the defendant was "convicted of the offense of injury to an elderly individual" after the jury found beyond a reasonable doubt that he caused serious bodily injury to "an individual who was older than sixty-five years of age").

The Texas pattern jury instructions further support the government's claim that § 22.04(a) is divisible. *See Ibanez-Beltran v. Lynch*, 858 F.3d 294, 298 (5th Cir. 2017) (per curiam) (relying, in part, on a pattern jury charge to hold that a state statute was divisible). For § 22.04(a), the Texas pattern jury instructions provide juries with the following fill-in-the-blank charge:

> The defendant, AB, stands charged by indictment with the offense of causing _____ (serious bodily injury; OR serious mental deficiency, impairment, or injury; OR bodily injury) to _____ (a child; OR an elderly individual; OR a disabled individual), alleged to have been committed on or about _____ [date], in _____ County, Texas.

Texas Crim. Jury Charges § 6:2360 (2019 ed.). The charge then provides accompanying definitions for "child," "elderly individual," and "disabled individual." *Id.* Like the alternatives "serious bodily injury," "serious mental deficiency, impairment, or injury," and "bodily injury"—which Texas state courts interpret to be discrete elements, *see Stuhler v. State*, 218 S.W.3d 706, 716–19 (Tex. Crim. App. 2007)— "child," "elderly individual," and "disabled individual" are listed as separate, *exclusive* alternatives that a jury must agree on.

A review of § 22.04(a)'s text, relevant state court caselaw, and Texas pattern jury instructions favors an interpretation of § 22.04(a) as divisible to victim class. These authorities, however, are not definitive. Thus, we also consider "the record of [] prior conviction itself" to ascertain whether the

alternatives are elements of the offense. *Mathis*, 579 U.S. at 518. According to the indictment, the State of Texas charged Monsonyem with intentionally and knowingly causing bodily injury to "a child younger than 14 years of age." Likewise, Monsonyem's guilty plea stated that he was charged with, and pleaded guilty to, the felony offense of "injury to a child" pursuant to § 22.04(a). The indictment and plea deal made no reference to elderly or disabled individuals. As *Mathis* stated, the use of one "alternative term to the exclusion of all others" could indicate "that the statute contains a list of elements, each one of which goes toward a separate crime." 579 U.S. at 519. That seems to be the case here.

Based on § 22.04(a)'s text, relevant state court cases, Texas' pattern jury instructions, and the record of prior conviction itself, we hold that § 22.04(a) is divisible as to victim class. "Given this conclusion, the remainder of our analysis may be addressed in short order. Because the statute is divisible, we apply the modified categorical approach to see which offense, under [§ 22.04(a)], is the crime of conviction." *Garrett*, 24 F.4th at 491. In so doing, "we are permitted to look to the indictment and the judicial confession entered on [Monsonyem's] guilty plea." *Id.* Reviewing those documents, it is apparent that Monsonyem was charged with, and pleaded guilty to, causing bodily injury to a child. The BIA did not err in finding Monsonyem removable pursuant to § 1227(a)(2)(E)(i).

### B.

Monsonyem also argues that the BIA erred in affirming the IJ's refusal to grant him cancellation of removal. Because Monsonyem is proceeding pro se, we must construe his filings liberally. *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011). That said, even pro se arguments must be briefed to be

preserved and they may not be incorporated from prior pleadings. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Monsonyem's brief on appeal is an incomplete photocopy of his prior brief before the BIA. The photocopy includes a new table of contents, and his petition for review asks that we incorporate his photocopied brief. The arguments in the photocopied brief are directed to the BIA, not to this court. This is insufficient to effectively raise the arguments therein as a challenge to the BIA's decision in this appeal. *See Yohey*, 985 F.2d at 224–25. To be sure, the new table of contents in Monsonyem's brief does include a few summary allegations of BIA error, but without supporting record or legal citations, those assertions are insufficient to preserve the issues on appeal. *Id.*

Accordingly, we only review the issues that were properly asserted and briefed in Monsonyem's petition for review. Because his petition for review is limited to the divisibility issue, which we already addressed, any issues concerning cancellation of removal and post-conclusion voluntary departure have been waived.[1]

\* \* \*

Monsonyem's petition is DENIED in part and DISMISSED in part.

---

[1] Furthermore, the Supreme Court's recent decision in *Patel v. Garland*, --- S. Ct. ----, 2022 WL 11528346, at \*11 (2022) likely inhibits our ability to review the IJ's § 1229b(a) decision.