# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2022

Lyle W. Cayce
Clerk

No. 22-60082
Summary Calendar

Zhongjin Chen,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 407 382

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Zhongjin Chen, a native and citizen of China, petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by the immigration judge (IJ) of an application for asylum, withholding of removal, and relief under the Convention Against Torture

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60082

(CAT).  We lack jurisdiction to review Chen's argument, which Chen failed to present to the BIA, that the IJ applied the incorrect legal standard to show an exception to the one-year time limitation for filing his asylum application. *See* 8 U.S.C. § 1252(d)(1); *Fakhuri v. Garland*, 28 F.4th 623, 627 (5th Cir. 2022).    We also lack jurisdiction to review the BIA's fact-based determination that Chen failed to establish that changed circumstances excused his untimely asylum application.  *See* 8 U.S.C. § 1158(a)(2)(B), (D); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

The unsupported and conclusory assertions by Chen that village officials persecuted him for his opposition to forced sterilization, rather than for insisting on disability benefits for his father, are insufficient to compel a finding that a nexus existed between the harm Chen suffered and a protected ground for purposes of withholding of removal.  *See Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018), *as revised* (Aug. 2, 2018); *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).  Because Chen failed to show a nexus between his altercation with village officials and a protected ground, we do not consider Chen's further arguments as to past persecution based on his political opinion.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  Because he failed to show the required nexus, Chen was also not entitled to a rebuttable presumption of a clear probability of future persecution on this basis, *see Revencu*, 895 F.3d at 402, and his arguments, which depend on such a shifted burden, show no legal error in the agency's conclusion that he failed to show a clear probability of future persecution.  *See Monsonyem v. Garland*, 36 F.4th 639, 642 (5th Cir. 2022); *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).

Chen's argument that the BIA erred in rejecting his claim of a reasonable fear of future persecution on the basis of religion is likewise unavailing.  Nothing in the record compels a conclusion contrary to the BIA's

determination that he failed to show that the Chinese government was or would become aware of his religious conversion. *See Wang*, 569 F.3d at 537.

As to BIA's denial of CAT relief, Chen's conclusory assertions of entitlement to relief are insufficient to compel a conclusion contrary to the BIA's determination that Chen failed to show he would personally be at risk of torture if returned to China. *See Wang*, 569 F.3d at 537; *Chen*, 470 F.3d at 1139.

The petition for review is DENIED in part and DISMISSED for lack of jurisdiction in part.