# United States Court of Appeals for the Fifth Circuit

No. 22-60122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 19, 2022

Lyle W. Cayce
Clerk

ALEJANDRA HERNANDEZ ZAVALA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A087 447 625

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Alejandra Hernandez Zavala, a native and citizen of Mexico, petitions this court to review a decision by the Board of Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ) of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We lack jurisdiction to review Hernandez Zavala's

---

* This opinion is not designated for publication. See 5TH CIR. R. 47.5.

procedural due process challenge to the IJ's denial of a continuance for her to obtain further evidence, which issue she failed to present to the BIA in her brief on appeal and the BIA did not address on its own. *See Fakhuri v. Garland*, 28 F.4th 623, 627 (5th Cir. 2022); *Claudio v. Holder*, 601 F.3d 316, 318-19 (5th Cir. 2010).

As to her challenge to the denial of deferral of removal under the CAT, we review the agency's conclusions of law de novo and its findings of fact for substantial evidence. *See Monsonyem v. Garland*, 36 F.4th 639, 642 (5th Cir. 2022); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). We review only the BIA's decision, except to the extent the IJ's decision influenced it. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Contrary to Hernandez Zavala's assertion that the IJ applied the wrong legal standard and failed to consider all of the evidence, the record reveals that the agency reviewed the evidence in some detail, both as to country conditions and as to Hernandez Zavala's situation. *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020). Neither Hernandez Zavala's speculative claim that she is generally vulnerable to future torture as a woman, nor her factually unsupported claim that she is vulnerable as part of a group of women in domestic relationships that they cannot leave, compels a conclusion contrary to the BIA's finding that she failed to show it is more likely than not that she will be tortured if removed to Mexico. *See Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006); *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Substantial evidence supports the BIA's conclusion that Hernandez Zavala is thus ineligible for protection under the CAT. *See Chen*, 470 F.3d at 1134; *Suate-Orellana*, 979 F.3d at 1062.

The petition for review is DENIED in part and DISMISSED in part.