# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2023

Lyle W. Cayce
Clerk

No. 22-60221
Summary Calendar

———————————

Ricardo Antonio Sanchez-Betancourt; Maria Elena
Espinoza-Salazar; Ricardo Zaid Sanchez-Espinoza,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 429 003
Agency No. A201 429 004
Agency No. A201 429 005

———————————————————————

Before Jolly, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Ricardo Antoni Sanchez-Betancourt; his wife, Maria Elena Espinoza-Salazar (Espinoza-Salazar); and their son, all natives and citizens of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60221

Honduras, entered the United States illegally in 2018. Sanchez-Betancourt[1] seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the BIA's conclusions of law de novo and its findings of fact for substantial evidence. *See Monsonyem v. Garland*, 36 F.4th 639, 642 (5th Cir. 2022); *Zhu v. Gonzalez*, 493 F.3d 588, 594 (5th Cir. 2007). We review only the BIA's decision, except to the extent the IJ's decision influenced it. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

To qualify as a refugee for purposes of asylum, Sanchez-Betancourt had to show (1) that he is outside of his country and is unable or unwilling to return to that country because of past persecution or a well-founded fear of future persecution and (2) that his "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for the persecution." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks, citation, and emphasis omitted); *see* § 1158(b)(1)(B)(i); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Contrary to Sanchez-Betancourt's unsupported assertions, the testimony in this matter referenced only, and repeatedly, the criminal pecuniary goals motivating the gang members who accosted Sanchez-Betancourt at his home. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002). A reasonable factfinder thus would not be compelled to reach a conclusion contrary to the BIA's determination of the absence of a nexus between the criminal extortion efforts by the gang and a protected

---

[1] Because Sanchez-Betancourt is the lead petitioner and his wife's and son's claims for immigration relief are derivative of his claim, we refer only to Sanchez-Betancourt unless otherwise specified.

ground under the law. *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); *see also Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Because such a nexus is an essential element of an asylum claim, Sanchez-Betancourt's failure to show error in the BIA's nexus determination is fatal to his asylum claim. *See Vasquez-Guerra v. Garland*, 7 F.4th 265, 265, 269 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). We therefore do not consider his remaining arguments as to asylum. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

Sanchez-Betancourt challenges the BIA's denial of withholding of removal, arguing that withholding has a more relaxed showing for nexus. According to Sanchez-Betancourt, the BIA therefore committed legal error by failing to "fully analyze" his application for withholding. *See* 8 U.S.C. § 1231(b)(3)(A). Although he acknowledges that we have held that an applicant who fails to meet the less stringent standard of proof required for asylum relief "is necessarily also unable to establish an entitlement to withholding of removal," he raises the challenge to preserve it for further review. *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (internal quotation marks and citation omitted).

As to the BIA's denial of CAT relief, Sanchez-Betancourt had to "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." *Arulnanthy v. Garland*, 17 F.4th 586, 597 (quoting 8 C.F.R. § 1208.16(c)(2)) (5th Cir. 2021). The uncontradicted record evidence shows that the police expressed the intention to investigate Sanchez-Betancourt's report of the extortion attempts. The failure of the police to arrest or prosecute any individual for the offense is "better explained" by the fact Sanchez-Betancourt and his wife were unavailable to assist in the investigation because they left the area and, in any event, could not describe the perpetrators. *See Tabora Gutierrez v. Garland*, 12 F.4th 496, 504 (5th Cir. 2021).

No. 22-60221

Although the police also suggested to Sanchez-Betancourt that he should relocate because such cases are difficult to resolve, limited governmental resources and a government's inability to provide total security for its citizens do not "rise to the level of state action required for relief under the Convention Against Torture." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006); *see Tabora Gutierrez*, 12 F.4th at 504; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015). The country reports noting incidents of police corruption are likewise insufficient to compel a conclusion contrary to the BIA's determination that Sanchez-Betancourt failed to show "willful blindness" by the Honduran government. *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019). Substantial evidence supports the BIA's denial of CAT relief. *See Arulnanthy*, 17 F.4th at 597; *Wang*, 569 F.3d at 537.

The petition for review is DENIED.