# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2023

Lyle W. Cayce
Clerk

No. 21-60705
Summary Calendar

Edwin Eduardo Ibarra-Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petitions for Review of Orders of the
Board of Immigration Appeals
Agency No. A046 302 870

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:*

Edwin Eduardo Ibarra-Sanchez, a native and citizen of Mexico and former lawful permanent resident of the United States, petitions this court for review of a decision by the Board of Immigration Appeals (BIA) denying his applications for withholding of removal and relief under the Convention Against Torture (CAT). Ibarra-Sanchez also petitions for review of the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

BIA's denial of his motions for reconsideration and remand.  Because Ibarra-Sanchez is proceeding *pro se*, we liberally construe his filings.  *See Monsonyem v. Garland*, 36 F.4th 639, 645 (5th Cir. 2022).

In seeking review of the denial of withholding of removal and CAT relief, Ibarra-Sanchez relies primarily on new evidence that was not properly before the BIA.  *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 409 (5th Cir. 2010).  We consider that evidence only in relation to his claim of ineffective assistance of counsel and his requests for a remand and reconsideration.  Factual findings are reviewed for "substantial evidence." *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).  The substantial evidence standard is deferential, meaning that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's determination that Ibarra-Sanchez failed to show that "it is more likely than not" that his life or freedom as a Jehovah's Witness would be threatened by persecution if he were returned to Mexico.  *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 (5th Cir. 2022) (quotation marks and citations omitted).   Further, Ibarra-Sanchez's contention that, for purposes of withholding of removal, his proposed group of non-Spanish speakers with substance addiction qualifies as a particular social group is unsupported by the record properly before the agency.  The argument thus does not compel a conclusion contrary to the agency's determination that he failed to show either a particular social group or the required nexus to his feared persecution.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

We now consider CAT relief.  Contrary to Ibarra-Sanchez's assertion, the BIA did not impose a requirement of past persecution because of a particular social group, but properly applied the correct standard for CAT

relief. *See id.* at 344–45 (reciting required showing for CAT relief). Moreover, the absence of an adverse credibility finding, and Ibarra-Sanchez's bare contention that the BIA therefore should grant CAT relief, fail to compel the conclusion that he faced a likelihood of torture by or with government acquiescence if returned to Mexico. *See* 8 U.S.C. § 1252(b)(4)(B).

Ibarra-Sanchez also contends that he had ineffective assistance of counsel. The BIA determined that the new evidence Ibarra-Sanchez submitted to the BIA but which had not be introduced earlier by counsel did not show counsel's alleged errors regarding the evidence "were prejudicial to his case." *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). The articles and reports, often only partially reproduced, and Ibarra-Sanchez's family's affidavits, do not indicate that he faced a "clear probability" of future persecution on account of a protected ground or likely torture by or with the acquiescence of Mexican officials. *See Zhang*, 432 F.3d at 344–45. Thus, the proposed evidence fails to compel the conclusion that, but for counsel's claimed deficient performance in not submitting this evidence in the immigration court, the result of his removal proceedings would probably have been different. *See Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018); *Wang*, 569 F.3d at 536–37.

Ibarra-Sanchez also seeks review of the BIA's denial of reconsideration. The BIA addressed his ineffective assistance claim in its decision on appeal. Further, Ibarra-Sanchez's bare assertions of prejudice from counsel's errors show no abuse of discretion in the BIA's conclusion that he failed to identify any legal error or establish that the BIA overlooked some aspect of the case when it rejected his ineffective assistance of counsel claim in its initial decision. *See Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008); *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

As to remand, Ibarra-Sanchez contends that his proposed new evidence, including two news articles submitted for the first time with his motion, substantiates his claims and compels the conclusion that Jehovah's Witnesses and non-Spanish speaking deportees with substance addiction are subject to persecution and murder in Mexico.  However, Ibarra-Sanchez has shown no abuse of discretion in the BIA's conclusion that remand was not warranted because the proposed new evidence was not "likely [to] change the result in the case."  *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020).

The petitions for review are DENIED.