# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50895

CONSOLIDATED WITH

No. 22-50921

————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS ORTEGA,

*Defendant—Appellant*.

————————————————————

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:10-CR-242-1, 7:22-CR-40-1

————————————————————

Before CLEMENT, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

In this consolidated appeal, Defendant-Appellant Carlos Ortega challenges the procedural and substantive reasonableness of his revocation sentence and the applicability of the career offender enhancement to the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50895
c/w No. 22-50921

sentence for his new convictions.  For the reasons set forth below, we AFFIRM.

## I.    Facts

Carlos Ortega has an extensive criminal background.  This appeal is framed by three of his prior convictions.  First, in 2005, Ortega pleaded guilty to the sale of dangerous drugs in violation of an Arizona state statute.  The section of the statute under which he was convicted states:  "A person shall not knowingly . . . [p]ossess a dangerous drug for sale."  ARIZ. REV. STAT. ANN. § 13-3407(A)(2).  Ortega served his prison term and was released.  However, soon after, he again faced criminal charges, this time in federal court.  In 2010, he pleaded guilty to possession of methamphetamine with the intent to distribute and possession of a firearm after a felony conviction.  The district court sentenced Ortega to a prison term and a term of supervised release.

Ortega completed his prison term, and his supervised release began.  But, shortly thereafter, he violated several terms of his supervised release.  Around the same time as those violations, he was again indicted in federal court, this time for conspiracy to possess with the intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime.  Ortega pleaded guilty to those new charges.

Ortega then faced sentencing for both his new convictions and for violating the terms of his supervised release.  As to the new convictions, the probation officer recommended that the district court apply the career offender enhancement based on Ortega's two prior convictions for controlled-substance offenses.  The district court, over Ortega's objections, applied the enhancement and sentenced Ortega to a prison term of 267 months for the drug charge and 60 months for the firearm charge, to run consecutively.

No. 22-50895
c/w No. 22-50921

As to the revocation case, the probation officer calculated Ortega's sentencing range under the Sentencing Guidelines' policy statements. The range indicated that his sentence should be 33 to 41 months in prison. However, the district court observed that a sentence within that range would exceed the statutory maximum of 24 months in prison. *See* 18 U.S.C. § 3583(e)(3); *see also* U.S.S.G. § 7B1.4(b)(1). Accordingly, the district court sentenced Ortega to two prison terms of 24 months, to run consecutively to the term of imprisonment for his new convictions but concurrent with each other. Ortega timely appealed from the sentence for his new convictions and his revocation sentence, and we consolidated those appeals.

## II.     Discussion

Ortega raises three issues on appeal. First, while not expressly asserting it in this way, his argument includes a procedural challenge to his revocation sentence.[1]     Second, he attacks his revocation sentence as substantively unreasonable. Third, he challenges the application of the career criminal enhancement to his sentence for his new convictions. We address each issue in turn below.

### A. Procedural Reasonableness

We begin with Ortega's first argument challenging his revocation sentence on procedural grounds. Because Ortega did not object to any procedural errors in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). We will reverse only if Ortega can

_____

[1] His "statement of issues" regarding the revocation sentence states: "Did the district court impose substantively unreasonable sentences by ordering Ortega to serve a consecutive 24-month imprisonment after imposing 327 months . . . ." However, the actual arguments include a procedural challenge.

demonstrate that the district court committed an error and that error (1) is clear or obvious and (2) affects Ortega's substantial rights. *Whitelaw*, 580 F.3d at 260.  If Ortega makes such a showing, we have discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

Ortega argues that the district court committed a procedural error because it failed to properly explain its sentence.  We disagree.  At sentencing, a district court is instructed to consider the relevant factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy statements found in Chapter Seven of the Sentencing Guidelines.  *United States v. Mathena*, 23 F.3d 87, 90–93 (5th Cir. 1994).  In explaining its sentence, a district court "should set forth enough to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).  But, when a district court imposes a within-Guidelines sentence, it does not need to give a "lengthy explanation." *Id.*

The district court satisfied that standard here.  It articulated on the record that it "reviewed the policy statements contained in [C]hapter 7 of the [G]uidelines and the sentencing factors set forth in [§ 3553(a)] in determining the appropriate disposition in this matter in relation to [Ortega's] violations of his conditions of release."  It then imposed a sentence below the original Guidelines' range (given the statutory maximum, the Guidelines lowered from 33–41 months to 24 months).  Because "the record makes clear that [the district court] considered the evidence and arguments," no more explanation was needed. *See id.* at 359.  Thus, we conclude that the sentence was procedurally reasonable.

## B. Substantive Reasonableness

We now turn to Ortega's challenge to the substantive reasonableness of his revocation sentence. Because Ortega preserved this challenge below, we review under the "plainly unreasonable" standard set forth in 18 U.S.C. § 3742(a). *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Accordingly, we will reverse only if we conclude after examining "the totality of the circumstances," that the district court abused its discretion. *United States v. Fraga*, 704 F.3d 432, 439–40 (5th Cir. 2013); *see also Miller*, 634 F.3d at 843. Importantly, our review is deferential—"[t]he mere fact that we 'might reasonably have concluded that a different sentence was appropriate' is insufficient to justify reversal of the district court's sentence." *United States v. Kippers*, 685 F.3d 491, 500 (5th Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted).

Ortega argues that the revocation sentence was plainly unreasonable considering the 327-month sentence that the district court had already imposed for his new convictions. We disagree. Under our precedent, consecutive within-Guidelines sentences are presumed to be reasonable. *United States v. Candia*, 454 F.3d 468, 474 (5th Cir. 2006). The sentence here was within Guidelines. Further, the Guidelines' policy statement also provides that a revocation sentence *shall* run *consecutively* to any other sentence, even if both arose out of the same conduct, because a revocation sentence punishes a breach of trust rather than the criminal conduct. U.S.S.G. § 7B1.3(f), p.s.; *see also* U.S.S.G. Ch. 7, Pt. A, ¶ 3(b). The district court's decision then to impose a consecutive sentence was not error, let

alone obvious error under existing law. *See Warren*, 720 F.3d at 332. Accordingly, we conclude that the sentence was substantively reasonable.

### C. Career Offender Enhancement

Finally, we address Ortega's argument that the district court erred in applying the career offender enhancement. We begin with a framing point. We review properly preserved challenges to the district court's interpretation of the Guidelines de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, we review forfeited objections only for plain error. *Puckett*, 556 U.S. at 135. It is subject to debate whether Ortega properly raised this issue below. But we need not decide whether Ortega's objection was sufficient to preserve the argument. As explained below, even under a de novo standard, the district court did not err in applying the enhancement.

The career offender enhancement applies if a defendant has two prior felony convictions for controlled-substance violations. U.S.S.G. § 4B1.1(a). The district court concluded that the career offender enhancement applied based on Ortega's 2005 conviction in Arizona and his 2010 federal conviction. On appeal, Ortega claims that his 2005 conviction in Arizona cannot qualify as a predicate prior controlled-substance offense because Arizona Revised Statutes Annotated § 13-3407(A)(2) is overbroad.[2]

Ordinarily, we apply a categorical approach to determine whether a prior conviction qualifies as a controlled-substance offense. *See, e.g.*, *United States v. Hinkle*, 832 F.3d 569, 572 (5th Cir. 2016) (applying categorical

---

[2] Ortega also asserts that § 13-3407 is overbroad because § 13-3407(A)(7) criminalizes an "offer to sell," but we reject that argument. Ortega was convicted under § 13-407(A)(2), which criminalizes *possession*, *not* (A)(7) which is broader. Accordingly, Ortega's actual crime of conviction was no broader than the federal offense on this point. *See* 21 U.S.C. § 844.

analysis to guideline career offender enhancement). Under the categorical approach, a prior conviction will qualify as a "controlled-substance offense" only if the elements of the least culpable conduct criminalized by the statute of prior conviction are "the same as, or narrower than" the federal definition of a controlled-substance offense. *See Mathis v. United States*, 579 U.S. 500, 504 (2016). Conversely, if the state statute at issue is broader than the federal offense, the state offense is not a categorical match. *See id.*

If the state statute is overbroad, or in other words, is not a categorical match, we must then determine whether the state statute is divisible. *See id.* at 505. A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.*; *see also United States v. Lerma*, 877 F.3d 628, 631 (5th Cir. 2017). If the state statute is divisible, then we apply the modified categorical approach. *Lerma*, 877 F.3d at 631. Under this approach, we may look to certain documents, such as the indictment, jury charge, or plea agreement, to narrow the statute and determine what crime the defendant was convicted of. *Mathis*, 579 U.S. at 505–06

Applying those principles here, we must first determine whether § 13-3407(A)(2) is a categorical match. The Government concedes that it is not—on its face, § 13-3407(A)(2) criminalizes the possession for sale of certain drugs which are not included in the equivalent federal statute. *Compare* Ariz. Rev. Stat. Ann. § 13-3401, *with* 21 U.S.C. § 812. Accordingly, it is overbroad and not a categorical match with the federal offense. *See Mathis*, 579 U.S. at 508–09.

That § 13-3407(A)(2) is overbroad is not the end of the matter, though. We must next consider whether § 13-3407(A)(2) is divisible by drug type. *See id.* at 505–06. In doing so, we may look to state court precedents, the statute's text, Arizona jury instructions, and Ortega's record of conviction. *See Monsonyem v. Garland*, 36 F.4th 639, 644 (5th Cir. 2022)

(analyzing divisibility of a Texas criminal statute in removal context). It does not appear that any Arizona state court has definitively spoken on the divisibility of this statute. Nevertheless, remaining indicia lead us to conclude that § 13-3407(A)(2) is divisible by drug type.

Our conclusion first finds support in the text of the statute. *See Mathis*, 579 U.S. at 518 ("[T]he statute on its face may resolve the issue."). Importantly, § 13-3407 provides for harsher sentences for certain drugs. *See* Ariz. Rev. Stat. Ann. § 13-3407(B)(1), (3), (E)–(G). This suggests that the *type* of drug is a statutory element. *See Mathis*, 579 U.S. at 517–18. What's more, the statute permits the state to charge defendants with multiple crimes for single acts of possessing multiple different *types* of drugs. *See State v. Casteel*, No. 1 CA-CR 07-0903, 2008 WL 4814482, at *1–3 (Ariz. Ct. App. Oct. 23, 2008) (describing such convictions). This further supports the conclusion that the type of drug is an element.

Arizona jury instructions, while not dispositive, also support our conclusion that the relevant statute is divisible. That is because, as other courts have recognized, a conviction under § 13-3407 requires the state to prove that the substance at issue *is* a dangerous drug as defined by § 13-3401. *See United States v. Sanchez-Murillo*, No. CR-19-00795-PHX-SPL, 2019 WL 3858606, at *3 (D. Ariz. Aug. 16, 2019) (discussing Arizona jury instructions). Thus, in order to prove a defendant possessed a dangerous drug, the state must necessarily present evidence identifying the particular drug the defendant possessed. *See id.*

Finally, our conclusion finds support in Ortega's conviction documents. *See Shepard v. United States*, 544 U.S. 13, 26 (2005). Supreme Court precedent allows us to "peek" at Ortega's conviction documents to discern a statute's divisibility. *Mathis*, 579 U.S. at 518–19. Doing so here, Ortega's indictment charged him with knowingly possessing

methamphetamine, a dangerous drug, for sale. The charging document thus references *one* particular dangerous drug to the exclusion of all others. This leads us to conclude that § 13-3407 is divisible.

To sum up, based on § 13-3407's text, Arizona jury instructions, and the record of prior conviction itself, we hold that § 13-3407(A)(2) is divisible by drug type. "Given this conclusion, the remainder of our analysis may be addressed in short order. Because the statute is divisible, we apply the modified categorical approach to see which offense, under [§ 13-3407(A)(2)], is the crime of conviction." *United States v. Garrett*, 24 F.4th 485, 491 (5th Cir. 2022). In so doing, "we are permitted to look to the indictment and the judicial confession entered on [Ortega's] guilty plea." *Id.* Reviewing those documents, it is apparent that Ortega was charged with possession of methamphetamine, a federally punishable controlled substance. Thus, the district court did not err in concluding that Ortega had two prior controlled-substance convictions and thereby applying the career offender enhancement.

### III.    Conclusion

For the reasons discussed above, we AFFIRM the district court's revocation sentence and application of the career offender enhancement.